**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2189-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID SIMONS,

    Defendant-Appellant.

_____

Argued September 14, 2021 – Decided October 5, 2021

Before Judges Fisher, Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 95-06-1561.

Ashley T. Brooks, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Joseph J. Russo, Deputy Public Defender, of counsel and on the brief).

John Joseph Santoliquido, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Cary Shill, Acting Atlantic County Prosecutor, attorney; John Joseph Santoliquido, of counsel and on the brief).

PER CURIAM

In 1994, at the age of sixteen, defendant was convicted of felony murder, armed robbery, and related weapons offenses. He was sentenced to an aggregate sentence of life imprisonment with thirty years of parole ineligibility. We affirmed on direct appeal. State v. Simons, No. A-2328-96 (App. Div. Apr. 23, 1999). The two petitions for post-conviction relief were unsuccessful.

Before this court is defendant's appeal from the denial of his motion to correct an illegal sentence presented under Rule 3:21-10(b)(5). Defendant asserted before the trial court that his sentence of life imprisonment with thirty years of parole ineligibility contravened the rulings in Miller v. Alabama, 567 U.S. 460 (2012) and State v. Zuber, 227 N.J. 422 (2017).

In denying the motion, the trial judge relied on State v. Bass, 457 N.J. Super. 1 (App. Div. 2018), certif. denied, 238 N.J. 364 (2019), in finding that the sentence imposed on defendant was not the functional equivalent of life without parole. Because defendant will only be forty-six years old when he is eligible for parole, the court found he would "have the ability to prove his rehabilitation and his ability to rejoin society if successful. . . ." And the proper venue for those considerations is at the time of the parole hearing.

Defendant raises the following points for our consideration:

POINT I

THIS MATTER MUST BE REMANDED FOR RECONSIDERATION AND/OR EXPANSION OF THE RECORD GIVEN THAT THE FACTUAL PREDICATE RELIED ON BY THE LAW DIVISION, NAMELY THAT MR. SIMONS FACED ONLY 30 YEARS OF PAROLE INELIGIBILITY, WAS IN ERROR.

POINT II

THE LAW DIVISION ERRED IN ITS APPLICATION OF STATE V. BASS BY UTILIZING LIFE-EXPECTANCY GIVEN THE UNEQUIVOCAL LANGUAGE IN STATE V. ZUBER INSTRUCTING COURTS NOT TO EMPLOY LIFE EXPECTANCY TABLES WHEN DETERMINING THE OVERALL LENGTH OF A SENTENCE.

POINT III

THE LAW DIVISION ERRED IN DENYING MR. SIMONS RELIEF UPON THE MERITS OF HIS APPLICATION TO CORRECT AN ILLEGAL SENTENCE BASED UPON MILLER V. ALABAMA, 567 U.S. 460 (2012), AND STATE V. ZUBER, 227 N.J. 422 (2017).

POINT IV

THE HEARING AND SUBSEQUENT DECISION WERE SO INFECTED WITH ERROR THAT EVEN IF EACH INDIVIDUAL ERROR DOES NOT REQUIRE REVERSAL, THE AGGREGATE OF THE ERRORS DENIED MR. SIMONS A FAIR HEARING.

3

Defendant does not assert that the imposed sentence was unconstitutional. Indeed, it did not exceed the maximum penalty for felony murder. N.J.S.A. 2C:11-3(3).

Instead, defendant requests a remand to the trial court to permit an expansion of the record to include data from the New Jersey Parole Board regarding statistics for persons sentenced to life in prison and the unlikelihood of being released on parole on the first eligibility date. We decline to do so.

We recently considered and rejected this argument in State v. Tormasi, 466 N.J. Super. 51, 67 (App. Div. 2021). First, defendant's argument regarding the likelihood of being denied parole is speculative and premature. Defendant has not yet become eligible for parole – his first parole date will be in 2025. As we stated in Tormasi,

> We decline to consider defendant's conjecture that the Parole Board will deny him parole because it frequently does so when convicted murderers first become eligible. Moreover, the fact that other inmates convicted of murder have been initially denied parole is presumably based on an individualized consideration of the regulatory factors as applied to those inmates. Accordingly, data showing the frequency of parole denial is not probative.
>
> [Id. at 68-69.]

We also reject defendant's contention that the trial court erred in denying relief as required under Miller and Zuber. Defendant asserts the court should have considered the "amount of real time a juvenile will spend in jail," not just the period of parole ineligibility. Defendant again relies on parole board statistics indicating that many inmates convicted of murder are denied parole on their first hearing.

We again agree with Judge Geiger's thoughtful opinion in Tormasi. In addressing this identical argument, Judge Geiger noted the Zuber Court implicitly approved of the parole process in which a meaningful opportunity for release would be addressed. Id. at 67. With defendant eligible for parole at age forty-six, he has the meaningful opportunity to be granted parole. If defendant is denied parole following his first hearing, he has the right to appeal that decision. Acoli v. N.J. State Parole Bd., 224 N.J. 213, 223 (2016). On appeal, we would then consider whether the Parole Board adequately considered the rehabilitation and maturity demonstrated by defendant while in prison. We are unpersuaded that the prospect of release before the age of fifty is tantamount to a life sentence.

Defendant next contends the trial judge erred in relying on Bass because Zuber instructs courts not to employ life expectancy tables when determining

the overall length of a sentence. This argument lacks merit. The sentencing judge did not use a life expectancy table in the imposition of defendant's sentence. As stated, the sentencing judge imposed the maximum sentence permitted under the then-applicable statute.

The trial judge here did not use life expectancy tables in her ruling. She only noted defendant's life expectancy was likely similar to Bass's, and that in Bass we found defendant's sentence was not the functional equivalent of life without parole warranting review under Rule 3:21-10(b)(5). There was no error in her comments or in her reliance on Bass.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2189-18